IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

JAMES HUMBLE JR.                                                    PLAINTIFF
ADC #117144

v.                               No: 1:16-cv-00117 BSM-PSH

A SCHUBERT, *et al.*                                                DEFENDANTS

### FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following proposed Findings and Recommendation have been sent to Chief United States District Judge Brian S. Miller. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

### DISPOSITION

### I. Introduction

Plaintiff James Humble Jr. filed a complaint pursuant to 42 U.S.C. § 1983 on September 12, 2016, alleging that unidentified Doe defendants violated his constitutional rights by denying him adequate mental health care (Doc. No. 2). Humble subsequently filed an amended complaint naming specific defendants (Doc. No. 5). Humble sues Defendants in their official capacities and seeks injunctive relief. Doc. No. 5 at 2 & 5.

Defendants filed a motion for summary judgment, a brief in support, and a statement of facts claiming that Humble had not exhausted claims against them before he filed this lawsuit (Doc. Nos. 21-23). In support of their motion for summary judgment, Defendants submitted: Humble's status assignment sheet from April 28, 2016, to October 25, 2016; a copy of the Arkansas Department of Correction's grievance policy; and a declaration of Inmate Grievance Coordinator Terry Grigsby Brown (Doc. Nos. 23-1 – 23-3).

Humble did not file a response to the Defendants' motion. Because Humble failed to controvert the facts set forth in Defendants' statement of undisputed facts, Doc. No. 23, those facts are deemed admitted. *See* Local Rule 56.1(c). The Defendants' statement of facts, and the other pleadings and exhibits in the record, establish that the material facts are not in dispute and that Defendants are entitled to summary judgment as a matter of law.

## II. Standard of Review

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. FED. R. CIV. P. 56(c); *Celotex v. Catrett*, 477 U.S. 317, 321 (1986). When ruling on a motion for summary judgment, the court must view the evidence in a light most favorable to the nonmoving party. *Naucke v. City of Park Hills*, 284 F.3d 923, 927 (8th Cir. 2002). The nonmoving party may not rely on allegations or denials, but must demonstrate the existence of specific facts that create a genuine issue for trial. *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007). The nonmoving party's allegations must be supported by sufficient probative

evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy.  *Id.* (citations omitted).  A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case.  *Othman v. City of Country Club Hills*, 671 F.3d 672, 675 (8th Cir. 2012).  Disputes that are not genuine or that are about facts that are not material will not preclude summary judgment.  *Sitzes v. City of West Memphis, Ark.*, 606 F.3d 461, 465 (8th Cir. 2010).

### III.  Undisputed Facts

1. Humble is an inmate incarcerated in the North Central Unit in Calico Rock, Arkansas.  Doc. No. 2 & 5.

2. The defendants are employed by the Arkansas Department of Correction (ADC) and are assigned to the North Central Unit.  *Id.*

3. Humble alleges the defendants have been deliberately indifferent to his mental health needs.  *Id.*

4. Humble does not specify in his complaint or amended complaint when the alleged deliberate indifference began.  *Id.*

5. Humble's Status Assignment Sheet indicates that Humble first entered the ADC in May 2016.  Doc. No. 23-1.

6. Later that month, he was transferred from the Ouachita River Correctional Unit's New Commitment Division to the North Central Unit, where the four defendants are employed.  *Id.*

7.      Since April 2014, prior to Humble's incarceration, Administrative Directive (AD) 14-16 has been in effect. AD 14-16, the Inmate Grievance Procedure policy, is the "administrative mechanism for the resolution of complaints and identification of problem areas" within the ADC. Doc. No. 23-2 at 1.

8.      Humble did not file any grievances on the issue raised in his complaint or any other issues.

### IV. Analysis

Defendants correctly assert that they are entitled to summary judgment because Humble failed to exhaust his administrative remedies before he filed this lawsuit.

The Prison Litigation Reform Act (PLRA) requires an inmate to exhaust prison grievance procedures before filing suit in federal court. *See* 42 U.S.C. §1997e(a); *Jones v. Bock*, 549 U.S. 199, 202 (2007); *Jones v. Norris*, 310 F.3d 610, 612 (8th Cir. 2002). Exhaustion under the PLRA is mandatory. *Jones v. Bock*, 549 U.S. at 211. The PLRA's exhaustion requirement applies to all inmate suits about prison life whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). The PLRA does not prescribe the manner in which exhaustion occurs. *See Jones v. Bock*, 549 U.S. at 218. It merely requires compliance with prison grievance procedures to properly exhaust. *See id.* Thus, the question as to whether an inmate has properly exhausted administrative remedies will depend on the specifics of that particular prison's grievance policy. *See id.*

Pursuant to the ADC's grievance policy (AD 14-16), inmates are provided Unit Level Grievance Forms as part of the Inmate Grievance Procedure. *See* Doc. No. 23-2 at

4

4. To resolve a problem, an inmate must first seek informal resolution by submitting a Step One Unit Level Grievance Form within 15 days after the occurrence of the incident. *Id.* at 5. Inmates are to "specifically name each individual involved for a proper investigation and response to be completed by the ADC." *Id*. at 4. An inmate must be "specific as to the substance of the issue or complaint to include the date, place, personnel involved or witnesses, and how the policy or incident affected the inmate submitting the form." *Id*. at 5-6. A problem solver investigates the complaint and provides a written response at the bottom of the form. *Id*. If the inmate is not satisfied with the resolution, he may then complete Step Two of the grievance procedure and submit the form as a formal grievance. *Id.* at 8. If the inmate receives no response, or if the inmate is not satisfied with the response, the inmate can appeal to the appropriate Chief Deputy/Deputy/Assistant Director. *Id.* at 10-11. Once that person responds, the grievance process is exhausted. *Id.* at 12. According to the ADC's grievance policy, the entire grievance procedure should be completed within 76 working days absent an extension or unforeseen circumstances. *Id.* at 13. The grievance policy specifically states that inmates must exhaust administrative remedies at all levels of the procedure before filing a federal civil rights lawsuit. *Id.* at 17.

According to Brown's declaration, Humble has never filed a grievance while incarcerated. Humble has therefore not exhausted his administrative remedies with respect to the claims raised in this lawsuit, and Defendants are entitled to summary judgment.

## V. Conclusion

Humble did not exhaust available administrative remedies before initiating this lawsuit. Accordingly, Defendants should be awarded summary judgment and Humble's

claims against them be dismissed without prejudice. It is further recommended that the Court certify that an *in forma pauperis* appeal taken from the order adopting this recommendation and accompanying judgment is considered frivolous and not in good faith.

DATED this 8th day of February, 2018.

_____
UNITED STATES MAGISTRATE JUDGE